# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY DAVID MUNNERLYN,

    Defendant.

Case No. 2:04-cr-183
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Jeffrey David Munnerlyn's Motion for Reduction of Sentence (ECF No. 63). Defendant was convicted of three counts of armed bank robbery (Counts 1, 3, and 5), in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use and carrying of a firearm during a crime of violence (Counts 2, 4, and 6), in violation of 18 U.S.C. § 924(c)(1)(A). (J. in a Crim. Case at 1, ECF No. 44.) The Court sentenced Defendant to consecutive terms of incarceration of 120 months on Count 2, 300 months on Count 4, 300 months on Count 6, and 78 months on Counts 1, 3, and 5 for a total term of incarceration of 798 months. (*Id.* at 2.) Defendant asks the Court to reduce his 78-month sentence on the armed bank robbery counts to a sentence of one day that would run consecutively to his 720-month mandatory minimum sentence on the use and carrying of a firearm counts. (Mot. at 1–2, ECF No. 63.)

Once a sentence has been imposed, 18 U.S.C. § 3582(c) generally prohibits a district court from modifying the sentence. A district court may only modify a final sentence (1) upon motion by the Director of the Federal Bureau of Prisons; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

994(o); or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Federal Rule 35, in turn, only provides for a sentence modification (a) within 14 days after sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error," or (b) upon the Government's motion if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35.

Defendant cites *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017), in support of his requested sentence reduction. In that case, Levon Dean, Jr. was convicted of robbing two drug dealers. *Dean*, 137 S. Ct. at 1174. During each robbery, Dean's brother threatened the victim with a rifle. *Id.* The district court sentenced Dean to a 360-month mandatory minimum sentence under 18 U.S.C. § 924(c), which creates a separate offense for the use or possession of a firearm in connection with a violent or drug trafficking crime, and to a consecutive 40-month sentence on the predicate offenses for a total sentence of 400 months. *Id.* at 1175. At sentencing, Dean argued for a sentence of one day for the predicate offenses in light of the lengthy mandatory minimum sentences that he faced under § 924(c). *Id.* The district court agreed that 30 years plus one day was a more than sufficient sentence. *Id.* The court, however, interpreted § 924(c) as precluding such a sentence because, in the court's view, it was required to disregard the mandatory minimum sentence when determining the appropriate sentence for Dean's predicate offenses. *Id.* Dean appealed his sentence to the Eighth Circuit, arguing that the district court had erred in concluding that it could not vary from the Sentencing Guidelines range based on the mandatory minimum sentence he would receive under § 924(c). *Id.* The Eighth Circuit disagreed and affirmed Dean's sentence. *Id.* The United States Supreme Court reversed the Eighth Circuit's judgment and held that a district court may consider the mandatory minimum sentence

2

imposed under § 924(c) when calculating an appropriate sentence for the predicate offense. *Id.* at 1178. As the Court explained, § 924(c)'s mandate that a sentence under that section be imposed "*in addition to* the punishment provided" for the predicate crime "says nothing about the length of a non-§924(c) sentence, much less about what information a court may consider in determining that sentence. Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime." *Id.* at 1177 (quoting 18 U.S.C. § 924(c)(1)(A)).

Defendant's reliance on *Dean* is misplaced. Defendant asks the Court to modify his sentence. But § 3582(c) generally prohibits a district court from modifying a sentence once it has been imposed. *Dean* does not alter this general rule. And none of the rule's exceptions applies here. *Dean*, moreover, is inapposite. Defendant did not argue in his direct appeal, and nothing in the record in this case suggests, that but for an erroneous interpretation of § 924(c) the Court would have sentenced Defendant to one day in prison on his predicate offenses (i.e., the armed bank robbery convictions). Accordingly, the Court **DENIES** Defendant's Motion for Reduction of Sentence (ECF No. 63).

**IT IS SO ORDERED.**

5-23-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

3